IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JAMES LOGAN, SR., on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES RAILROAD RETIREMENT BOARD,<br><br>    Defendant. | Civil Action No. 4:25-cv-00238-O |

### REPORT REGARDING CONTENTS OF SCHEDULING ORDER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE REED O'CONNOR:

Pursuant to the Court's June 4, 2025 Order Requiring Scheduling Conference and Report for Contents of Scheduling Order (ECF No. 12), the undersigned counsel for Plaintiff James Logan, Sr., on behalf of himself and all others similarly situated, and Defendant United States Railroad Retirement Board report the following to the Court:

**1.   Brief Statement of Claims and Defenses**

**Plaintiff's Claims:**

Plaintiff James Logan, Sr., brings this action on behalf of himself and a proposed class of similarly situated former railroad employees who began receiving Tier II retirement benefits under the Railroad Retirement Act after November 18, 1996. Defendant administers the Railroad Retirement Act, and the Act's statutory scheme gives rise to Defendant's fiduciary duties to Plaintiff and the proposed class. Defendant has expressly accepted and undertaken those duties.

In keeping with the statutory scheme's protective nature with respect to railroad retirees, Section 231m(a) of the Railroad Retirement Act expressly prohibits a railroad retiree's retirement

benefits, including Tier II benefits, from being subject to assignment, garnishment, attachment, legal process, or taxes not provided for in the Internal Revenue Code "under any circumstances whatsoever." By causing a circumstance in which railroad retirees are routinely subjected to an unauthorized "tax" on the nontaxable portion of their Tier II benefits, Defendant breached its fiduciary duty to ensure retirees receive the correct benefit amount, and it has violated, or caused the violation of, Section 231m(a). Plaintiff further alleges Defendant breached its fiduciary duty by using that unauthorized tax revenue (which is transferred to the Railroad Retirement Account) to grow its own assets and subsidize benefit payments. These breaches and violations are ongoing.

Plaintiff alleges Defendant caused, and continues to cause, this circumstance by failing to directly or effectively notify railroad retirees that not all Tier II benefits are taxable and that figuring out the taxable amount requires calculation; additionally, unlike other qualified pension plans issuing Form 1099-R or a variant of it, Defendant does not directly or effectively report to retirees the taxable amount of Tier II benefits or the fact that taxability has not been determined.

The Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 702 and, alternatively, 28 U.S.C. § 1346(a)(2) ("Little Tucker Act"). Defendant waived sovereign immunity under 5 U.S.C. § 702 and, alternatively, the Little Tucker Act. Plaintiff primarily seeks declaratory and injunctive relief to correct this problem moving forward so that Defendant ensures, in accordance with its fiduciary duties, (i) that railroad retirees receive and keep the correct benefit amount and (ii) that Defendant acts in retirees' best interest by not growing its assets or subsidizing the railroad retirement system with money that belongs to them. Plaintiff also seeks restitution of amounts Defendant unlawfully collected, withheld, or retained, plus interest.

**Defendant's Defenses:**

Defendant denies that this Court has jurisdiction over the claims asserted in Plaintiff's amended complaint. Defendant further denies that it has breached any duty owed to the Plaintiff or any other railroad employee in the administration of benefits under the Railroad Retirement Act. Last, Defendant denies that class certification is appropriate in this case.

2. **Motions for Leave to Join Other Parties**

The parties propose that motions for leave to join other parties be filed by August 29, 2025.

3. **Motions to Amend Pleadings**

The parties propose that amended pleadings be filed within 14 days after the deadline to file motions for leave to join other parties, or at a later date if (i) the opposing party consents to the amendment or (ii) the Court grants leave to amend upon a showing of good cause.

4. **Motion Deadlines**

The parties propose that dispositive motions be filed at least 120 days before trial. For a trial date on or after May 18, 2026, the parties propose a dispositive motion deadline of January 9, 2026.

5. **Initial Expert Designations**

The parties propose that initial expert designations for the party bearing the burden of proof on the issue for which expert testimony is offered be filed by September 19, 2025.

6. **Responsive Expert Designations**

The parties propose that responsive expert designations be filed by October 12, 2025; the parties propose that rebuttal expert designations be filed by November 7, 2025.

7. **Objections to Experts**

The parties propose that *Daubert* motions or other objections to experts be filed within 14

days after the close of discovery.

**8.      Discovery Plan**

The parties propose that discovery should commence from the day of the Rule 26(f) conference and that, for a trial date on or after May 18, 2026, it should last until December 5, 2025, provided that if a party discloses additional facts after November 25, 2025, the opposing party's expert(s) may amend its report(s) and/or testimony by December 18, 2025, to incorporate and/or opine on those additional facts.

Subjects on which Plaintiff may need discovery include: the facts alleged in the Complaint, including Defendant's entire administrative record regarding its fiduciary duties to railroad retirees and its decision not to directly report to retirees the taxable amount of Tier II income or the fact that taxability was not determined. Plaintiff may also need discovery on issues relating to class certification.

Defendant denies that discovery is necessary or appropriate in this case and that, should this Court conclude that it has jurisdiction, the case should be resolved on the basis of a certified administrative record.  That said, to the extent this Court disagrees and permits discovery, Defendant asserts that discovery may be necessary to determine what losses, if any, Plaintiff may have had due to Plaintiff's confusion regarding taxable income.

**9.      Limitations on Discovery**

The parties generally agree that the limitations set forth in the Local Rules and the Federal Rules of Civil Procedure are adequate; however, the parties disagree about the scope of the discovery allowed in this case.

Plaintiff's position is that discovery is not solely limited to Defendant's administrative record because the administrative record is likely to be incomplete or inadequate. Additional

information will likely be necessary to ensure the Court can conduct a proper and meaningful review of whether Defendant acted in accordance with its fiduciary duties, especially where, as here, Defendant is financially benefiting from its breaches of duty to the detriment of Plaintiff and the proposed class. Additionally, in this atypical case, Plaintiff's claims involve one or more federal questions and are reviewable outside of the APA's general review provisions.

Defendant denies that discovery is necessary or appropriate in this case and that, should this Court conclude that it has jurisdiction, the case should be resolved on the basis of a certified administrative record.  Defendant also denies Plaintiff's contention that it is "financially benefiting from its [alleged] breaches of duty to the detriment of Plaintiff and the proposed class."

**10.     Means for Disclosure or Discovery of ESI**

The parties do not anticipate the exchange of a significant volume of ESI in this case. To the extent ESI is produced, the parties agree to produce ESI in the form of searchable PDFs unless another form is specified in the applicable discovery request. If the requesting party specifies a form of production to which the responding party objects, the parties agree to diligently confer in good faith to resolve the dispute before bringing the issue to the Court.

**11.     Handling Privileged or Trial-Preparation Material**

The parties agree to stipulate to a protective order governing the disclosure of confidential and statutorily protected information (such as information protected under the Privacy Act of 1974 to which Defendant is bound), as well as the inadvertent disclosure of privileged information. The parties will file a proposed protective order.

**12.     Proposed Trial Date/Estimated Number of Days for Trial/Jury Demand**

The parties propose a trial date on or after May 18, 2026, and estimate trial will last no longer than seven days. There is no jury demand.

**13.    Settlement Negotiations**

The parties are open to the possibility of settlement, but no settlement agreement has been reached at this time. The parties agree to have ongoing communications regarding settlement throughout the litigation; the parties also agree to participate in mediation or a settlement conference with a U.S. Magistrate Judge after discovery closes but at least two weeks before dispositive motions are due. For a trial date on or after May 18, 2026, the parties propose a mediation/settlement deadline of December 19, 2025.

**14.    Rule 26 Disclosures**

Neither party raised an objection to disclosure. The parties agree to exchange initial disclosures by July 11, 2025.

**15.    Consent to Trial before U.S. Magistrate Judge**

The parties do not consent to trial before a U.S. Magistrate Judge.

**16.    Mediation or Arbitration**

The parties are open to private mediation or a settlement conference with a U.S. Magistrate Judge after discovery closes but at least two weeks before dispositive motions are due. For a trial date on or after May 18, 2026, the parties propose a mediation/settlement deadline of December 19, 2025. The parties do not agree to arbitration.

**17.    Other Scheduling and Discovery Proposals**

At this time, the parties do not have any other proposals regarding scheduling and discovery that they believe will facilitate expeditious and orderly preparation for trial.

**18.    Conference with the Court**

The parties agree that a conference with the Court is not necessary at this time.

**19.   Other Relevant Matters**

The parties will file a proposed protective order with the Court by Monday, July 7, 2025.

Dated:  July 2, 2025

| | |
|---|---|
| */s/ Tami C. Parker* <br> NANCY LARSON <br> ACTING UNITED STATES ATTORNEY <br><br> Tami C. Parker <br> Assistant United States Attorney <br> Burnett Plaza, Suite 1700 <br> 801 Cherry Street, Unit #4 <br> Fort Worth, Texas 76102 <br> Texas Bar No. 24003946 <br> Telephone:   (817) 252-5200 <br> Facsimile:    (817) 252-5458 <br> tami.parker@usdoj.gov <br><br> *Attorneys for Defendant* | */s/ Charles S. Siegel* <br> Charles S. Siegel <br> siegel@waterskraus.com <br> State Bar No. 18341875 <br> Leslie C. MacLean <br> lmaclean@waterskraus.com <br> State Bar No. 00794209 <br> Taryn E. Ourso <br> tourso@waterskraus.com <br> State Bar No. 24107315 <br><br> **WATERS KRAUS PAUL & SIEGEL** <br> 3141 Hood Street, Ste. 700 <br> Dallas, Texas 75219 <br> Telephone:   (214) 357-6244 <br> Fax:              (214) 357-7252 <br><br> and <br><br> Brant C. Martin <br> State Bar No. 24002529 <br> brant.martin@wickphillips.com <br> Colin P. Benton <br> State Bar No. 24095523 <br> colin.benton@wickphillips.com <br><br> **WICK PHILLIPS GOULD & MARTIN, LLP** <br> 100 Throckmorton Street, Ste. 1500 <br> Fort Worth, Texas 76102 <br> Telephone:   (817) 332-7788 <br> Fax:              (817) 332-7789 <br><br> and <br><br> Jeffrey D. Lerner <br> State Bar No. 12223910 <br> jeff.lerner@thedovefirm.com |

**THE DOVE FIRM**
524 E. Lamar Boulevard, Ste. 230
Arlington, Texas 76011
Telephone:     (817) 462-0006
Fax:           (817) 462-0027

*and*

John R. (Scotty) MacLean, III
State Bar No. 00787942
smaclean@macleanfirm.com

**MACLEAN LAW FIRM**
4916 Camp Bowie Blvd., Ste. 100
Fort Worth, Texas 76107
Telephone:     (817) 529-1000
Fax:           (817) 698-9401

*Attorneys for Plaintiff*