## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

|  |  |
|---|---|
| JAMES LOGAN, SR., on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>UNITED STATES RAILROAD RETIREMENT BOARD,<br><br>       Defendant. | Civil Action No. 4:25-cv-00238-O |

## STIPULATION AND PROPOSED PROTECTIVE ORDER

Plaintiff James Logan, Sr. and Defendant United States Railroad Retirement Board have agreed to the following confidentiality terms. The Court, having found good cause to issue an appropriately tailored confidentiality order pursuant to Federal Rule of Civil Procedure 26(c), hereby **ORDERS** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in this action:

1.      Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines in good faith that such designation is necessary to protect the interests of the client in information that is proprietary, statutorily protected from public disclosure, or otherwise contains sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2.      The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this action.

3.      In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the

1

challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4.    The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a.    the requesting party and counsel;

   b.    employees of such counsel assigned to and necessary to assist in the litigation;

   c.    consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

   d.    the Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5.    Prior to disclosing or displaying the Confidential Information to any person, counsel must:

   a.    inform the person of the confidential nature of the information or documents;

   b.    inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

   c.    require each such person to sign an agreement to be bound by this Order in the form attached hereto.

6.    The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information

2

as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7.      Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information.

8.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9.      Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

10.     No party shall input or otherwise expose any Confidential Information to publicly available generative AI tools (e.g., ChatGPT, Bard, Claude) unless expressly authorized in writing by the producing party.

11.     Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.


*/s/ Tami C. Parker*

NANCY LARSON
ACTING UNITED STATES
ATTORNEY

Tami C. Parker
Assistant United States Attorney
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102
Texas Bar No. 24003946
Telephone:    (817) 252-5200
Facsimile:     (817) 252-5458
tami.parker@usdoj.gov

*Attorneys for Defendant*

*/s/ Charles S. Siegel*
Charles S. Siegel
siegel@waterskraus.com
State Bar No. 18341875
Leslie C. MacLean
lmaclean@waterskraus.com
State Bar No. 00794209
Taryn E. Ourso
tourso@waterskraus.com
State Bar No. 24107315

**WATERS KRAUS PAUL & SIEGEL**
3141 Hood Street, Ste. 700
Dallas, Texas 75219
Telephone:    (214) 357-6244
Fax:              (214) 357-7252

*and*

Brant C. Martin
State Bar No. 24002529
brant.martin@wickphillips.com
Colin P. Benton
State Bar No. 24095523
colin.benton@wickphillips.com

**WICK PHILLIPS GOULD &
MARTIN, LLP**
100 Throckmorton Street, Ste. 1500
Fort Worth, Texas 76102
Telephone:    (817) 332-7788
Fax:              (817) 332-7789

*and*

Jeffrey D. Lerner
State Bar No. 12223910
jeff.lerner@thedovefirm.com

**THE DOVE FIRM**
524 E. Lamar Boulevard, Ste. 230
Arlington, Texas 76011
Telephone:    (817) 462-0006
Fax:               (817) 462-0027

*and*

John R. (Scotty) MacLean, III
State Bar No. 00787942
smaclean@macleanfirm.com

**MACLEAN LAW FIRM**
4916 Camp Bowie Blvd., Ste. 100
Fort Worth, Texas 76107
Telephone:    (817) 529-1000
Fax:               (817) 698-9401

*Attorneys for Plaintiff*

**SO ORDERED** on this ____ day of _____, 2025.

_____
UNITED STATES DISTRICT JUDGE
REED O'CONNOR

5

## **AGREEMENT**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the following matter have been designated as confidential:

*James Logan, Sr. v. United States Railroad Retirement Board*
Civil Action No. 4:25-cv-00238-O
United States District Court for the Northern District of Texas
Fort Worth Division

I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated this _____ day of _____, 20_____.

Signature: _____

_____
(PRINT NAME)