IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES LOGAN, SR. | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No.  4:25-CV-00238-O |
| | § | |
| UNITED STATES RAILROAD | § | |
| RETIREMENT BOARD | § | |
| | § | |
| **Defendant.** | § | |

## OPINION & ORDER

Before the Court are Defendant's Motion to Dismiss (ECF No. 19), Plaintiff's Response (ECF No. 20), and Defendant's Reply (ECF No. 23). After examining the relevant arguments and authorities, Defendant's Motion to Dismiss is **GRANTED**.

## I.    BACKGROUND[1]

This case arises from a dispute over retirement benefits and taxes. Plaintiff James Logan, Sr. ("Plaintiff") is a retired railroad worker who collects retirement benefits from Defendant the United States Railroad Retirement Board ("RRB"). Plaintiff asserts that the RRB has failed to accurately inform him of his taxable retirement income, causing him to overpay taxes on those benefits.

The RRB is responsible for administering the Railroad Retirement Act of 1974, 45 U.S.C. § 231 *et seq*., which provides for railroad retirement benefits in two tiers: Tier I and Tier II. Tier I benefits are generally equivalent to what a railroad retiree would have received under Social

---

[1] Unless otherwise noted, the Court's recitation of the facts is taken from Plaintiff's Amended Complaint. *See* Pl.'s Am. Compl., ECF No. 13. At the 12(b)(6) stage, the facts are taken as true and viewed in the light most favorable to the Plaintiff. *See Sonnier v. State Farm Mut. Auto Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

Security and are taxed the same way as social security benefits. Tier II benefits are similar to a pension and are funded by mandatory after-tax payroll contributions. Tier II benefits are taxable except for the amount representing the retiree's after-tax payroll contributions into the Tier II system. Because Tier I and Tier II benefits are taxed differently, the RRB sends railroad retirees two tax forms each year: (1) Form 1099-R for the retiree's Tier I benefits and (2) Form RRB-1099-R for the retiree's Tier II benefits.

Plaintiff retired in 2018 after 47 years of railroad service and receives Tier II benefits. During those 47 years, he contributed a total of $96,635—after taxes—into the Tier II system. Until mid-summer 2024, neither Plaintiff nor his tax preparer knew he was entitled to recover his payroll contributions to the Tier II system, which would reduce his taxable Tier II benefits. Plaintiff alleges that the RRB does not tell railroad retirees what portion of their Tier II benefits are taxable, nor does it directly or effectively communicate to them that they should not report all their Tier II benefits as income to the Internal Revenue Service. While the fine print on the back of Form RRB-1099-R provides additional information regarding the amounts reported on the front of the form, Plaintiff alleges that it is convoluted, unhelpful, and does not effectively communicate that the total amount paid is not fully taxable.

According to Plaintiff, because the RRB has failed to "communicate to retirees that they are entitled to recover their employee contributions," he and other railroad retirees have been subject to an "unauthorized tax on the portion of their Tier II retirement benefits funded by their after-tax payroll contributions."[2] This, he asserts, is a violation of § 231m(a) of the Railroad Retirement Act which provides,

> Except as provided in subsection (b) of this section and the Internal Revenue Code of 1986, notwithstanding any other law of the United States, or of any State, territory, or the District of Columbia, no annuity or supplemental annuity shall be

---

[2] Pl.'s Am. Compl. 15, ECF No. 13.

assignable or be subject to any tax or to garnishment, attachment, or other legal process under any circumstances whatsoever, nor shall the payment thereof be anticipated.

45 U.S.C. § 231m(a). Plaintiff says that this provision gives rise to a fiduciary duty for the RRB to ensure that retirees receive their correct Tier II benefits by not paying more in taxes than required. And according to Plaintiff, because the RRB has not fulfilled this obligation, it has violated its fiduciary duty. Plaintiff asserts that the RRB has no incentive to take corrective action to prevent retirees from overpaying on taxes because any extra tax revenue collected beyond what is owed is returned to the RRB by the Internal Revenue Service.

Plaintiff invokes the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and the "Little Tucker Act," 28 U.S.C. § 1346(a)(2), as the jurisdictional bases to assert two causes of action: (1) breach of fiduciary duty and (2) unlawful agency action. Ultimately, Plaintiff seeks declaratory and injunctive relief, as well as restitution for taxes he overpaid. He also seeks to certify as class of similarly situated RRB retirees.[3]

The RRB moves to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(1), asserting that Plaintiff has failed to demonstrate an applicable waiver of sovereign immunity and under Rule 12(b)(6) for failure to state a claim. With the RRB's Motion fully briefed, it is ripe for the Court's review.

## II.   LEGAL STANDARD

### A.  Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and must have "statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Defendants may challenge a court's authority to hear a dispute under

---

[3] The Court previously granted Plaintiff's unopposed motion to extend the time for filing a motion for class certification until after the Court rules on the RRB's motion to dismiss. *See* ECF No. 11.

Federal Rule of Civil Procedure 12(b)(1). *See* FED. R. CIV. P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). Courts may dismiss for lack of subject matter jurisdiction on any of three separate grounds: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Kling v. Hebert*, 60 F.4th 281, 284 (5th Cir. 2023) (internal quotation marks and citation omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Generally, when a Rule 12(b)(1) motion is brought with other Rule 12 motions to dismiss, the Rule 12(b)(1) motion must be addressed first. *See id.* ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

### B.  Failure to State a Claim

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* at 679.

## III.    ANALYSIS

The doctrine of sovereign immunity is a jurisdictional bar that prevents the United States from suit unless it waives immunity and consents. *Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006). As a federal agency within the executive branch,[4] the RRB is immune from suit unless "Congress has waived its immunity." *Drake v. Panama Canal Comm'n*, 907 F.2d 532, 534 (5th Cir. 1990). Because "[j]urisdiction is always first," the Court begins with the RRB's sovereign immunity arguments. *Louisiana v. United States Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024).

---

[4] *See* Pl.'s Am. Compl. ¶ 2, ECF No. 13; *see also* Mot. Dismiss 2, ECF No. 19.

The RRB argues that the Court does not have jurisdiction over Plaintiff's claims brought pursuant to 18 U.S.C. § 1331, the APA, the Little Tucker Act, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* because none of these waives the RRB's sovereign immunity in this action.[5] Plaintiff does not dispute that the Declaratory Judgment Act and 28 U.S.C. § 1331 do not by themselves waive sovereign immunity.[6] Rather, Plaintiff asserts that "the APA provides a waiver for nonstatutory review under 28 U.S.C. § 1331 because Plaintiff only seeks nonmonetary relief"[7] and that "the Little Tucker Act waives sovereign immunity for Plaintiff to recoup the money he lost due to the [RRB's] breach of fiduciary duty and violation of federal law."[8] The Court takes each argument in turn.

### A.  The APA

Plaintiff and the RRB disagree over where the Court should begin its APA analysis. Plaintiff asserts that "[s]ection 702 of the APA provides a waiver of sovereign immunity for Plaintiff's equitable claims."[9]  The RRB contends that before the Court reaches Plaintiff's § 702 argument, Plaintiff must satisfy the "threshold requirement of section 701."[10]

#### 1.  Section 701

The Supreme Court has explained that the "scope of judicial review under § 702 . . . and its availability at all is predicated on satisfying the requirements of § 701." *Webster v. Doe*, 486 U.S. 592, 597 (1988). Section 701(a) provides that the APA's "basic presumption of judicial review" afforded to those who are "suffering legal wrong because of agency action" "may be rebutted only if the relevant statute precludes review, 5 U.S.C. § 701(a)(1), or if the action is

---

[5] Mot. Dismiss 10–11, ECF No. 19.
[6] Resp. 3–4, ECF No. 20.
[7] *Id.* at 4.
[8] *Id.* at 11–12.
[9] *Id.* at 3.
[10] Mot. Dismiss 11, ECF No. 19.

'committed to agency discretion by law,' § 701(a)(2)." *Weyerhaeuser Co. v. U.S. Fish & Wildlife Serv.*, 586 U.S. 9, 23 (2018) (quoting 5 U.S.C. § 701(a)). The Parties do not assert that § 701(a)(1) applies, so the Court sets it aside.

Plaintiff argues that §701(a)(2) does not apply here because the Supreme Court has read § 701(a)(2) quite narrowly, restricting it to "those rare circumstances where the relevant statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion."[11] *Weyerhaeuser*, 586 U.S. at 23. Plaintiff is correct with respect to the Supreme Court's narrow reading of § 701(a)(2). Thus, the Court must determine whether Congress has provided a "meaningful standard" by which to judge the RRB's issuance of tax forms. *Gulf Restoration Network v. McCarthy*, 783 F.3d 227, 233 (5th Cir. 2015). To do this the Court "conducts a 'careful examination of the statute on which the claim of agency illegality is based'" by looking at "the statutory text, [and] paying particular attention to the words Congress has chosen." *Id.* (quoting *Webster v. Doe*, 486 U.S. 592, 600 (1988)). If the statute provides "no substantive standards on which a court could base its review," then the agency's decision is left to it discretion. *Webster*, 486 U.S. at 600.

Without citing any authority, Plaintiff contends that "there are multiple standards by which the Court can judge whether the [RRB] violated 45 U.S.C. § 231m(a) or its fiduciary duties."[12] But the only authority Plaintiff bases his claims on is 45 U.S.C. § 231m(a).[13] And as the RRB points out, this statute merely provides that railroad retirees' benefits "are not subject to a tax other than that portion allowed by the [Internal Revenue Code]."[14] Plaintiff has not put forward any facts alleging that the RRB is taxing benefits it should not. And nowhere in the plain language of this

---

[11] *Id.* at 4–5.
[12] Resp. 6, ECF No. 20.
[13] *Id.*; *see generally* Pl.'s Am. Compl., ECF No. 13.
[14] Mot. Dismiss 12, ECF No. 19

statute is a clear imposition of a fiduciary duty on the RRB to make sure that all railroad retirees pay no more taxes than they should. Nor does the statute's plain language require the RRB to communicate what portion of a retiree's Tier II benefits are nontaxable or require the RRB to undertake a calculation for each individual retiree to figure out their tax liability. The Supreme Court has cautioned against "reading words or elements into a statute that do not appear on its face." *Bates v. United States*, 522 U.S. 23, 29 (1997). Likewise, "the United States is only subject to those fiduciary duties that it specifically accepts by statute or regulation." *Hopi Tribe v. United States*, 782 F.3d 662, 667 (Fed. Cir. 2015). Accordingly, the Court declines to read in a fiduciary duty or other requirements to § 231m(a) that do not appear on its face.

Because the Court does not have a substantive standard by which to evaluate the RRB's decisions, the Court concludes the RRB's handling of tax forms is left to agency discretion and not subject to judicial review.

2. Section 702

Even if the Court reached his § 702 arguments, Plaintiff still could not establish a waiver of sovereign immunity because he fails to point to any agency action. "Section 702 of the APA waives sovereign immunity for actions against federal government agencies, seeking nonmonetary relief, if the agency conduct is otherwise subject to judicial review." *Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 488 (5th Cir. 2014) (internal quotation omitted). Two requirements must be met to establish any waiver of sovereign immunity under § 702. *Id.* First, Plaintiff "must identify some 'agency action' affecting him in a specific way, which is the basis of his entitlement for judicial review." *Id.* at 489. Agency action is defined by 5 U.S.C. § 551(13) as "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13). Second, Plaintiff "must show that he has 'suffered

legal wrong because of the challenged agency action, or is adversely affected or aggrieved by that action within the meaning of a relevant statute.'" *Alabama-Coushatta*, 757 F.3d at 489 (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 883 (1990)).

"Section 702 also waives immunity for two distinct types of claims." *Id.* The first is "where a 'person suffer[s] legal wrong because of agency action.'" *Id.* (quoting 5 U.S.C. § 702) (alteration in original). This type of waiver only applies when judicial review is sought pursuant to the APA's general provisions. *Id.* The second is "where a person is 'adversely affected or aggrieved by agency action within the meaning of a relevant statute.'" *Id.* (quoting 5 U.S.C. § 702). "This type of waiver applies when judicial review is sought pursuant to a statutory or non-statutory cause of action that arises completely apart from the general provisions of the APA." *Id.*

Plaintiff disclaims "pursu[ing] a claim under the APA's general review provisions; instead, he brings nonmonetary claims for the [RRB's] breach of fiduciary duty and violation of 45 U.S.C. § 231m(a) arising under federal law."[15] Regardless, he must show an agency action underlying his claim. The RRB argues that Plaintiff "fails to identify any agency action . . . that the RRB was statutorily required to take but failed to do so."[16] Plaintiff does not dispute that he must show agency action and argues that the RRB's "failure to fulfill its role as a fiduciary, which caused repeated violations of 45 U.S.C. § 231m(a), are reviewable agency actions."[17] But as the Court explained above, the plain language of § 231m(a) does not impose a fiduciary duty on the RRB to make sure that no railroad retiree pays more taxes than they should. While the RRB likely has some fiduciary obligation to ensure that retirees' retirement benefits are paid out correctly, Plaintiff has not alleged that the RRB has failed to calculate his benefits correctly or distribute them to him.

---

[15] Resp. 10, ECF No. 20.
[16] Reply 7, ECF No. 23.
[17] Resp. 10, ECF No. 20.

Nor has he alleged the RRB is itself taxing railroad retirees unlawfully. While the Court is sympathetic to Plaintiff's plight of paying more taxes than he should have, his real qualm seems to be with the Internal Revenue Code. Plaintiff and his accountant are surely not the first people to find the United States' tax code confusing and likely will not be the last.

Because Plaintiff has not sufficiently alleged any agency action, the Court does not reach Plaintiff's legal wrong and zone of interest arguments.

### B.  The Little Tucker Act

Plaintiff argues that "[e]ven if the APA does not provide a waiver of sovereign immunity, the Little Tucker Act waives sovereign immunity for Plaintiff to recoup the money he lost due to the [RRB's] breach of fiduciary duty and violation of federal law."[18] The RRB argues that the Little Tucker Act is inapplicable here because Plaintiff's breach of fiduciary duty claim sounds in tort and "the Little Tucker Act expressly excludes tort claims from its waiver of sovereign immunity."[19] The RRB additionally argues that Plaintiff has not appropriately invoked the Little Tucker Act because the Little Tucker Act only waives sovereign immunity for suits for money damages brough according to a source of law mandating compensation by the Federal Government, and Plaintiff has not pled a money mandating statute.[20] The Court agrees with the RRB.

The Little Tucker Act provides that "district courts shall have original jurisdiction" over a "civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated

---

[18] *Id.* at 11.
[19] Mot. Dismiss 15–16, ECF No. 19.
[20] *Id.*

damages in cases not sounding in tort." 28 U.S.C. § 1346(a)(2). The act does not create substantive rights; rather, it is simply a "jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009). Because the Little Tucker Act does not create any substantive rights, a "claimant must demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983).

Here, while the Court agrees with the RRB that breach of fiduciary duty generally sounds in tort,[21] the Supreme Court has held that the Tucker Act is applicable to fiduciary duty claims brought against the Federal Government. *See Mitchell*, 463 U.S. at 224. But as the Court has repeatedly expressed above, the statute Plaintiff bases his claims on, 45 U.S.C. § 231m(a), does not impose a fiduciary duty on the RRB by which Plaintiff can support his claims. Likewise, § 231m(a) is silent as to damages or compensation. Nor has Plaintiff identified any other statute that prescribes money damages for the breach of the RRB's purported fiduciary duties. Plaintiff's failure to point the Court to a money-mandating statute is fatal to the Court's jurisdiction under the Little Tucker Act. *See Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005).

\* \* \*

Because the Court finds that the RRB has not waived sovereign immunity, the Court does not have jurisdiction over Plaintiff's claims. Accordingly, the Court does not reach the Parties' 12(b)(6) arguments.

---

[21] S*ee Resolution Trust Corp. v. Gaudet*, 192 F.3d 485, 487 (1999) (stating "two causes of action—gross negligence and breach of fiduciary duty. Both of these theories sound in tort.").

**IV.   CONCLUSION**

For the reasons above, the Court finds that the RRB has not waived sovereign immunity. Accordingly, the RRB's Motion to Dismiss is **GRANTED**, and the Court **DISMISSES without prejudice** Plaintiff's claims for lack of jurisdiction.

**SO ORDERED** on this **30th day** of **March, 2026**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**